UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Sanjay Chakravarty, Txley, Inc.,

Plaintiff(s),

Case No.   20-1576

v.

Judge

Eric Peterson, City of Burlington, Skagit County - State of Washington

Defendant(s).                                [Jury Trial Demanded]

## COMPLAINT

Plaintiffs Sanjay Chakravarty and Txley, Inc. ("Plaintiffs") by its attorneys files this Complaint against Defendants Eric Peterson, the City of Burlington, and Skagit County as a political subdivision of the State of Washington ("Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action concerning a breach of contract, tortious interference with business expectancy, and for alternative violations(s) of 18 U.S. Code § 1962 and 42 U.S. Code § 1983. This case is about a pattern of observably arbitrary and discriminatory decision making by a specific public official. Is it more than a grudge? Did the Defendant Eric Peterson discriminate illegally against Mr. Sanjay Chakravarty in the public bidding process? If so, why? Did he do it out of greed, or did he do it out of racial bias, or perhaps both?

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 1
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

2. Plaintiff is seeking liability and damages and note that the complaint will also contain a formal prayer at its end (see below).

## THE PARTIES

3. Plaintiff Sanjay Chakravarty ("Plaintiff Chakravarty") is an individual residing in Mount Vernon, Washington and a citizen of the state of Washington.

4. Plaintiff Txley, Inc. ("Txley" pron. "*Tex-lee*") is a Washington state corporation registered and doing business in Skagit County.

5. Defendant Eric Peterson ("Defendant Peterson") is an individual that on information and belief is residing within this court's jurisdiction. Defendant Peterson is the Facilities Coordinator for Skagit County Facilities Management.

6. Defendant City of Burlington is a municipal corporation situated in Washington State.

7. Defendant Skagit County is cited as a political subdivision of Washington State.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 18 U.S. Code § 1962 and 42 U.S. Code § 1983. This Court has further supplemental jurisdiction under 28 U.S. Code § 1367.

9. This Court has personal jurisdiction over Defendant Peterson because Defendant Peterson is domiciled in Washington State.

10. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because the defendant resides in this district and all other defendants reside in this district or a district within this state.

## FACTS

11. For ten years Plaintiff Sanjay Chakravarty has owned and operated Txley, Inc., a facilities supply business operating in Western Washington.

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 2
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

12. Txley was established in 2010 as a facilities supply and distribution company. Their focus is on performance, reliability, and trustworthiness. They pride themselves in, "[being] an independently owned company that has continued to increase our market share every day for a reason. With our deep knowledge of the local market and our smart approach to finding the best products and negotiating the best deals, we make sure our clients have the most positive and profitable experience available. And because we live in the communities where we do business – we are aware of the trends, which in turn provides an unprecedented understanding of the latest market conditions. When it comes to market knowledge, Txley remains the number one resource for your JanSan & Facility needs."

13. The Plaintiff's organization employs numerous people in the region from diverse backgrounds, cultures, and experiences.

 

14. Photos of Plaintiff's team

15. The Plaintiff Txley is a member of the Burlington Chamber of Commerce, Mount Vernon Chamber of Commerce; they are also members of the Skagit County Builders Association, Building Services Contractors Association.

16. Under RCW 36.32.245 no contract for the provision of materials or supplies may be entered into with a county until after bids are sought, and that contracts requiring competitive bidding may be awarded only to the lowest responsible bidder.

17. In 2019 Plaintiff had suggested alternates that some branded alternatives contain higher volumes of chlorine toxicity than products carried by the Defendant. Plaintiff makes a practice of suggesting alternative cost-effective solutions of similar or higher efficacy.

18. **THAT TIME DEFENDANT ERIC PETERSON SLAMMED THE DOOR IN PLAINTIFF'S FACE ON LEARNING THAT THE "JAY" OVER THE PHONE WAS IN FACT "_SANJAY_ CHAKRAVARTY"** When Plaintiff Chakravarty attempted to meet with Defendant Peterson in person, the prior courteous tone and tenor their telephone conversations suddenly dissipated. Plaintiff was acutely aware of the change in how "Jay" was treated, from how "Sanjay" was treated. He felt aggrieved by the Defendant's implicit bias then, and he raised the issue, to no avail, with the City of Burlington.

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 3
Case No.

WHEAT LEGAL PLLC
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

19. In April 2019 Skagit County went to bid. Plaintiff was awarded this contract.

20. On information and belief, Defendant Eric Peterson is hired in January as the Facilities Coordinator with Ken Hansen as his boss and Director.

21. Defendant Eric Peterson sends out a new bid emailed to Plaintiff on 23 April 2020.

22. Plaintiff objects and calls Ken Hansen. Before submitting their bids for a second time, Plaintiffs had a 35-minute telephone call with Ken Hansen registering his objections and strong concerns on submitting the bid information and specific products requested.

23. On information and belief, Ken Hansen immediately directs Eric Peterson to cancel the bid. There was a new Bid No. 2 sent out on 4/30/2020.

24. **BID(S) BASED GENERALLY AROUND PREFERENCE FOR OFFERINGS OF COMPETITOR** Plaintiffs delivered their bid via courier at the last possible moment in order to avoid what Plaintiff suspected was collusion.

25. **ARTFUL CHANGING OF BID PRE-REQUISITES TO 10 YEARS** These changes favored Bay City Supply. Plaintiff had a nine-year-old business at the time. There is no reasonable relation to the justification for this requirement except to exclude the Plaintiff.

26. **ARTFUL CHANGING OF NO EQUIVALENT PRODUCT EXCEPTIONS** The bid requested specific products for which a demonstrably less expensive and higher quality alternative was available on the market. Just as in 2019, Plaintiff suggested alternates, with evidence, that PurTabs called for in the bid and sold by Bay City Supply contain higher volumes of chlorine toxicity than products carried by the Plaintiff. Envirox is another more costly product that is demonstrably less effective.

27. On the bid, though under contract during 2019, purchasing decisions have demonstrated a bias and preference towards Bay City Supply lists, as above. Bay City Supply has a proprietary supply list. It is proprietary to them for the purpose of obtaining preference, and not because of any specific requirement. For instance, with *toilet paper* - Bay City Supply deals in "GP", "Solaris", and "LoCore" branded goods, while Plaintiff deals in "CT Commercial". Many of the supplies requested are fungible, and many are not.

28. **ACE HARDWARE** Eric Peterson or Bret Bryan or their associates invited Ace Hardware of Anacortes, who on information and belief do not generally participate in bids, to participate in this bid. This participation was an artifice aimed at camouflaging the unfairness of the process.

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 4
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

29. On information and belief, Eric Peterson and Franz Johnson of Bay City Supply acted together in either collusion, or conspiracy, or both.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

**(Against Defendants City of Burlington and Skagit County)**

30. The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 11 through 29.

31. On 10 April 2019, Plaintiff and Defendant Skagit County entered into a Vendor Services Agreement by which Plaintiff provided services/products up to a maximum sum of $40,000.00. A true and correct copy of this contract is annexed hereto as **Exhibit A**. This amount was later increased by $8,000.00 on March 20, 2020.

32. Plaintiff has duly performed all of his/its obligations and duties under the contract.

33. By not ordering products Defendant Skagit County has breached the contract by refusing to renew or order products it carries and stocks under its agreement.

34. As a result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined by the court, but no less than $42,000.

35. The plaintiff, Txley, Inc., claims that the defendant, Skagit County, entered into a contract with it for the supply of facilities maintained by the County. Txley claims that Skagit County breached this contract by failing to make orders under the Agreement, and instead diverting orders to Bay City Supply.

## SECOND CLAIM FOR RELIEF

**(Tortious Interference with Business Expectancy)**

**(Against Defendant – Eric Peterson)**

36. The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 11 through 29.

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 5
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

37. That at the time of the conduct at issue, Plaintiff Txley had a business relationship or expectancy with a probability of future economic benefit for Plaintiff(s);

38. Eric Peterson knew of the existence of that business relationship or expectancy;

39. Eric Peterson intentionally induced or caused the termination of the business relationship or expectancy;

40. Defendant Eric Peterson's interference was for an improper purpose or by improper means, and that the pattern of discriminatory conduct was a proximate cause of damages to Plaintiff(s).

### THIRD CLAIM FOR RELIEF

### (CIVIL RICO)

### (Against Defendant – Eric Peterson)

41. The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 11 through 29.

42. An enterprise existed for the purposes of overcharging the public purse for cleaning supplies and chemicals.  Eric Peterson, Ken Hansen, Bay City Supply, Ace Hardware Anacortes & Friday Harbor, and the principals of small local suppliers cooperated in order to render a bid uncompetitive.

43. During the Covid-19 era, shortages of chemicals used in disinfectants impacts upon interstate commerce in fostering or taking advantage of anti-competitive markets during a time of public emergency.

44. On information and belief, Eric Peterson derived income from a pattern of racketeering activity.

45. Part of that income was used in acquiring an interest in or operating the enterprise.

### FOURTH CLAIM FOR RELIEF

### (CIVIL RIGHTS)

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 6
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

**(Against Defendants – Eric Peterson; City of Burlington; Skagit County)**

46. The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 11 through 29.

47. At the time of the incident(s), Eric Peterson was acting under color of law;

48. Defendant Eric Peterson intentionally discriminated against Plaintiff Sanjay Chakravarty on the basis of national origin or race by rigging public bids for the supply of cleaning materials, both while at the City of Burlington, and at Skagit County.

49. The acts or omissions of Defendant Eric Peterson subjected Plaintiff Sanjay Chakravarty to be subjected to the deprivation of rights protected by the Constitution or the laws of the United States, namely the right not to be denied the equal protection of the laws of the State on the basis of skin color or national origin; and

50. Defendant Eric Peterson's actions proximately caused injury or damage to Plaintiff Sanjay Chakravarty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, granting Plaintiff the following relief:

1. The entry of judgment in favor of the plaintiff on each and every cause of action;

2. The award of the requested damages in the amount of no less than $144,000.00;

3. The award of costs of the suit and attorney's fees; and

4. Such other relief as the Court deems just and proper.

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 7
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues that are so triable.

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 8
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

Dated: 26th day of October 2020
Respectfully submitted,

_____
Jeffery M. Wheat, WSBA No. 54228
WHEAT LEGAL PLLC
701 Fifth Avenue, Suite 4265
Seattle, Washington 98104-7047
Telephone: (206) 262-7381
jeff@wheatlegal.com

BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND FOR ALTERNATIVE VIOLATIONS(S) OF 18 U.S. CODE § 1962 AND 42 U.S. CODE § 1983. - 9
Case No.

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

# EXHIBIT A

## VENDOR SERVICES AGREEMENT

Skagit County, through the Department of Facilities Management (hereinafter referred to as County) and Txley, Inc. (hereinafter referred to as Contractor), for and in consideration of the mutual benefits do hereby agree as follows:

1. Contractor will provide the following service/products at such time and in such manner as described in **"Exhibit A"**.

2. County will compensate Contractor a maximum of $40,000.00, chargeable to GL expenditure code #001 51400003120, 001 51400003510, or any others that may apply.

3. The parties agree that Contractor is an independent contractor, and not an employee nor agent of Skagit County. Contractor hereby agrees not to make any representations to any third party, nor to allow such third party to remain under the misimpression that Contractor is an employee of Skagit County. All payments made hereunder and all services performed shall be made and performed pursuant to this Agreement by the Contractor as an independent contractor. Contractor will defend, indemnify and hold harmless the County, its officers, agents or employees from any loss or expense, including but not limited to settlements, judgments, setoffs, attorneys' fees or costs incurred by reason of claims or demands because of breach of the provisions of this paragraph. Further the Contractor represents that all employees and sub-contractors are covered under Industrial Insurance in compliance with R.C.W. Title 51.

4. Defense & Indemnity Agreement:
The Contractor agrees to defend, indemnify and save harmless the County, its appointed and elective officers and employees, from and against all loss or expense, including but not limited to judgments, settlements, attorney's fees and costs by reason of any and all claims and demands upon the County, its elected or appointed officials or employees for damages because of personal or bodily injury, including death at any time resulting therefrom, sustained by any person or persons and on account of damage to property including loss of use thereof, whether such injury to persons or damage to property is due to the negligence of the Contractor, its subcontractors, its elected officers, employees or their agents, except only such injury or damage as shall have been occasioned by the sole negligence of the County, its appointed or elected officials or employees. It is further provided that no liability shall attach to the County by reason of entering into this contract, except as expressly provided herein.

5. This Contract shall commence on date of execution and continue until either party terminates by giving 30 days notice in writing either personally delivered or mailed postage prepaid by certified mail, return receipt requested to the party's last known address, but in no event shall the contract continue for more than one year from date of execution. County and Contractor have option to extend for one additional year via an amendment.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

6.  The Contractor shall not assign any interest in this Contract and shall not transfer any interest in same without prior written County consent.

7.  The Contractor will secure, at his own expense, all personnel required in performing said services under this Contract. Contractor shall be personally liable for applicable payroll, labor and industries premiums and all applicable taxes and shall hold County harmless therefrom.

8.  The Contractor shall provide proof of insurance for general comprehensive liability in the amount of $1,000,000 to cover Contractor's activities during the term of this Contract. Proof of insurance shall be in a form acceptable and approved by the County. A certificate of insurance naming the County, its elected officials, and employees as additional insured's and naming the County as a certificate holder shall accompany this Contract for signing. Thirty (30) days' written notice to the County of cancellation of the insurance policy is required. No contract shall form until and unless a copy of the certificate of insurance, in the amount required, is attached hereto as set forth in **"Exhibit "B"**. The contractors insurance shall be primary. Any insurance or self-insurance maintained by the County, its officers, officials, employees or volunteers shall be excess of Contractors insurance and shall not contribute to it.

9.  Prevailing Wages:
If applicable, Contractor and subcontractor shall submit a "Statement of Intent to Pay Prevailing Wages" prior to submitting first application for payment. Each statement of intent to pay prevailing wages must be approved by the Industrial Statistician of the Department of Labor and Industries before it is submitted to the County. Unless otherwise authorized by the Department of Labor and Industries, each voucher claim submitted by a Contractor for payment on a project estimate shall state that the prevailing wages have been paid in accordance with the pre-filed statement or statements of Intent to Pay Prevailing Wages on file with the public agency.

10. Termination for Public Convenience:
The County may terminate the contract in whole or in part whenever the County determines, in its sole discretion that such termination is in the best interests of the County. Whenever the contract is terminated in accordance with this paragraph, the Contractor shall be entitled to payment for actual work performed at unit contract prices for completed items of work. An equitable adjustment in the contract price for partially completed items of work will be made, but such adjustment shall not include provision for loss of anticipated profit on deleted or uncompleted work. Termination of this contract by the County at any time during the term, whether for default or convenience, shall not constitute a breach of contract by the County. If sufficient funds are not appropriated or allocated for payment under this contract for any future fiscal period, the County will not be obligated to make payments for services or amounts incurred after the end of the current fiscal period. No penalty or expense shall accrue to the County in the event this provision applies.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

CONTRACTOR:

X _____[signature]_____
Signature & Title of Signatory
(Date  4/18/19  )

Jay Chakravarty
Print Name

President
Title


Mailing Address:

[redacted]

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

DATED this \_\_\_\_\_ day of _____, 2019.

BOARD OF COUNTY COMMISSIONERS
SKAGIT COUNTY, WASHINGTON

_____
Lisa Janicki, Chair

_____
Ron Wesen, Commissioner

Attest:

_____
Kenneth A. Dahlstedt, Commissioner

_____
Clerk of the Board

For contracts under $5,000:
Authorization per Resolution  R20030146

Recommended:

_____
County Administrator

_____
Department Head

Approved as to form:

_____
Civil Deputy Prosecuting Attorney

Approved as to indemnification:

_____
Risk Manager

Approved as to budget:

_____
Budget & Finance Director

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

## EXHIBIT "A"

## SCOPE OF SERVICES

**Services Title: Custodial Equipment and Supplies**
**Delivery Location: Administration Building, 700 S 2nd St, Rm 124, Mount Vernon, WA 98273**

Contractor shall deliver or ship requested amounts of all sanitary paper products, custodial cleaning equipment and supplies to the address above.

For the term of the Contract, pricing for all products will be no greater than the agreed upon Price List. If, however, during any term of the Contract lower prices and rates become effective for like quantities of materials, through reduction in Contractor's list prices, promotional discounts, or other circumstances, County will be given immediate benefit of such lower prices.

Unless otherwise specified in the Solicitation, no additional charges by the Contractor will be allowed including, but not limited to: handling charges such as packing, wrapping, or boxes. Notwithstanding the foregoing, in the event that market conditions, laws, regulations or other unforeseen factors dictate, at the Director of Facilities Management's sole discretion, additional charges may be allowed.

At least 45 calendar days before the end of the current term of this Contract, Contractor may propose rate increases by written notice to the County. The County may take Price adjustments into consideration, when determining whether or not to extend this Contract. No consideration will be given to price increase requests without supporting documentation sufficient to justify the requested increase. All price increases must have supporting documentation sufficient to justify the requested increase. The grant of any price adjustment will be at the sole discretion of the County Facilities Management Director and, if granted, shall not produce a higher profit margin for the Contractor than that established by the original contract pricing. The Contractor will receive written approval from the County of any price adjustment and such price adjustment shall be set forth in a written amendment to the contract. Price adjustments shall remain unchanged for at least one year thereafter.

The County will not be bound by invoice prices that are higher than those in the contract, unless Facilities Management has accepted the higher price and the amended the contract. The Contractor will correct any incorrect invoice pricing.

## COMPENSATION

Prices provided on next page to be locked in unless there is a government or manufacturer imposed tariff increase.

Total compensation not to exceed $40,000.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

## Price List

| Item | Packaging | Brand | Price |
|---|---|---|---|
| Toilet Paper 2-Ply for GP Model 56784 | 18 Rolls/Case | CTC | $ 34.95 |
| Brown Hardwound Towel | 6 Rolls/Case | GP Sofpull or equivalent | $ 49.95 |
| White Hardwound Towel | 6 Rolls/Case | Oasis or equivalent | $ 29.95 |
| Paper Towels | 30 Rolls/Case | BWK | $ 27.95 |
| Toilet Seat Cover | 20 Boxes/Case | Karat | $ 33.95 |
| Trash Liners, 2.0 mil | 100 Liners/Case | AP | $ 28.95 |
| Trash Liners, 1.5 mil | 250 Liners/Case | AP | $ 28.95 |
| Trash Liners, .9 mil | 500 Liners/Case | AP | $ 28.95 |
| Waxed paper bags | 500 Bags/Case | HOS | $ 27.13 |
| Disinfection Tablets, 200 tabs | 200 Tabs / 5 lb | Protexus Purtabs | $ 59.95 |
| Disinfection Solution **Concentrate** | 4x2L/Case | Multi-Task Century 256 | $ 129.92 |
| Liquid Bacteria Digester, Push | Quart | Multiclean | $ 5.95 |
| Sanitizer/Virucide Cleaner **Concentrate** | 4x2L/Case | Multiclean 007 | $ 128.79 |
| Sanitizer/Virucide Cleaner | Gallon | Multiclean | $ 23.95 |
| Hard Water/Soap Scum Remover | Quart | Multiclean | $ 3.75 |
| Furniture polish, aerosol | 18 oz Can | NCL | $ 6.95 |
| Neutral Cleaner **Concentrate** | 4x2L/Case | Multiclean NeutraZyme | $ 138.68 |
| Neutral Cleaner | Quart | Multiclean | $ 3.75 |
| Stainless Steel Cleaner, aerosol | 16 oz Can | BWK | $ 4.95 |
| Air Freshener, Aerosol, aerosol | 14.25 oz Can | Nilodor | $ 4.95 |
| Toilet Bowl Cleaner | Quart | Multiclean | $ 5.95 |
| Foaming Hand Cleanser | Gallon | Multiclean | $ 56.00 |
| Glass & Surface Cleaner, aerosol | 16 oz Can | BWK | $ 3.19 |
| Cleaner Paste | 30 oz Can | QB | $ 15.95 |
| White Vinegar | Gallon | Four Monks | $ 17.95 |
| Urinal deodorant block | 12 blocks/Box | Fresh | $ 9.95 |
| Carpet / Floor Cleaner Defoamer | Gallon | Multiclean | $ 16.95 |
| Gloves, Latex | 100/Box | Karat | $ 4.95 |
| Gloves, Latex | 100/Box | Karat | $ 4.95 |
| Gloves, Latex | 100/Box | Karat | $ 4.95 |
| Wall-mounted Dilution System | 2 Diluters | Multiclean | $ 140.00 |
| Urinal Screen | 12/box | | $ 14.95 |
| Plastic Toilet Bowl Brush | each | Plastic or equivalent | $ 2.95 |
| Burnishing Porko Plus Pad | each | Americo Manufacturing or equivalent | $ 6.95 |
| Doodlebug Floor Cleansing Pad | 10/box | 3M or equivalent | $ 17.49 |
| #117 Spray Bottle | each | | $ 2.50 |

This list does not include every item that will be needed by Skagit County Facilities Management. Prices for any additional equipment or supplies will be agreed upon prior to ordering, delivery, and invoicing. The Custodial Supervisor is authorized to request and approve additional items pricing.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

## EXHIBIT "B"

## PROOF OF INSURANCE

The Contractor shall provide proof of insurance for Commercial General Liability or Professional Liability in the amount of $1,000,000.00 to cover Contractor's activities during the term of this Contract. Proof of insurance shall be in a form acceptable and approved by the County. Contractors insurance shall be primary.

The type of insurance required by this Agreement is marked below.

☐ 1)   **Commercial General Liability Insurance**
Certificate Holder – Skagit County
**The Certificate must name the County as additional insured:**
**Skagit County, its elected officials, officers and employees**
**are named as additional insured.**
Thirty (30) days written notice to the County of cancellation of the insurance policy.

☐ 2)   **Professional Liability**
Certificate Holder – Skagit County
Thirty (30) days written notice to the County of cancellation of the insurance policy

NOTE: No contract shall form until and unless a copy of the Certificate of Insurance, properly completed and in the amount required, is attached hereto.

✓ 3)   **Insurance is waived**

Date:_____
                        Risk Manager