*Honorable Marsha Pechman*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANJAY CHAKRAVARTY, TXLEY, INC., and TXLEY, INC., a Washington State Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC PETERSON, an individual; CITY OF BURLINGTON, a Washington State Municipal Corporation; SKAGIT COUNTY, a Washington political subdivision,<br><br>Defendant(s). | Case No. 2:20-cv-01576-MJP<br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>AND<br><br>JURY DEMAND |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiffs, SANJAY CHAKRAVARTY and TXLEY, INC., ("Plaintiffs"),

by their/its attorney, files this First Amended Complaint against Defendants ERIC

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 1
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

PETERSON, the CITY OF BURLINGTON, and SKAGIT COUNTY as a political subdivision of the State of Washington, ("Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action under 42 U.S. Code § 1983 concerning alleged unlawful discrimination on the basis of race or national origin by a local government official, PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

2.  This case is about a pattern of observably arbitrary and discriminatory decision making by a specific public official at different levels of local government over a period of three (3) years.

3.  It is about the policies of two (2) public bodies in the State of Washington that give safe harbor to those accused of racial discrimination to continue that discrimination.  It is more than a grudge.  Did the Defendant, Eric Peterson, under color of law, violate Plaintiff Sanjay Chakravarty's right to be free from discrimination on the basis of his skin color or national origin in the public bidding process?

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

4.      Plaintiff is seeking liability and damages and notes that the Complaint will also contain a formal prayer at its end (see below).

## **THE PARTIES**

5.      Plaintiff, SANJAY CHAKRAVARTY, ("Plaintiff Chakravarty"), is an individual residing in Mount Vernon, Washington and a citizen of the state of Washington.

6.      Plaintiff, TXLEY, INC., ("Txley" pron. "*Tex-lee*"), is a Washington state corporation registered and doing business in Skagit County.

7.      Defendant, ERIC PETERSON, ("Defendant Peterson"), is an individual, that on information and belief is residing within this court's jurisdiction.  Defendant Peterson is the Facilities Coordinator for Skagit County Facilities Management.

8.      Defendant, CITY OF BURLINGTON, is a municipal corporation situated in Washington State.

9.      Defendant, SKAGIT COUNTY, is cited as a political subdivision of Washington State.

///

///

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 3
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 42 U.S. Code § 1983.

11. This Court has further supplemental jurisdiction under 28 U.S. Code § 1367.

12. This Court has personal jurisdiction over Defendant Peterson because Defendant Peterson is domiciled in Washington State.

13. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because the defendant resides in this district and all other defendants reside in this district or a district within this state.

## FACTS

14. For 10 years, Plaintiff Sanjay Chakravarty has owned and operated Txley, Inc., a facility supply business operating in Western Washington.

15. Txley, Inc. was established in 2010 as a facility supply and distribution company. Their focus is on performance, reliability and trustworthiness. They pride themselves in, "[being] an independently owned company that has continued to increase our market share every

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 4
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

day for a reason. With our deep knowledge of the local market and our smart approach to finding the best products and negotiating the best deals, we make sure our clients have the most positive and profitable experience available. And because we live in the communities where we do business – we are aware of the trends, which in turn provides an unprecedented understanding of the latest market conditions. When it comes to market knowledge, Txley remains the number one resource for your JanSan & Facility needs."

16.    The Plaintiff's organization employs numerous people in the region from diverse backgrounds, cultures, and experiences.



17.    Photos    of    Plaintiff's    team



PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 5
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

18.    The Plaintiff Txley is a member of the Burlington Chamber of Commerce, and Mount Vernon Chamber of Commerce.  They are also members of the Skagit County Builders Association and also Building Services Contractors Association.

19.    Under RCW 36.32.245, no contract for the provision of materials or supplies may be entered into with a county until after bids are sought, and that contracts requiring competitive bidding may be awarded only to the lowest responsible bidder.

20.    **THAT TIME DEFENDANT ERIC PETERSON SLAMMED THE DOOR IN PLAINTIFF'S FACE ON LEARNING THAT THE "JAY" OVER THE PHONE WAS IN FACT "_SANJAY_ CHAKRAVARTY".**  On or around the period between June 19, 2017 to June 30 of 2017, on a weekday afternoon, when Plaintiff Chakravarty attempted to meet with Defendant Eric Peterson in person at the City of Burlington's Offices, shortly after lunch, the prior courteous tone and tenor of their telephone conversations suddenly dissipated.  Plaintiff was acutely aware of the change in how "Jay" was treated, from how "Sanjay" was treated.  He felt aggrieved

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 6
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

by the Defendant Peterson's implicit bias then, and he would later raise the issue, to no avail, with the City of Burlington, as below.

21. In 2019, Plaintiff had suggested alternates, that some branded alternatives contain higher volumes of chlorine toxicity than products carried by the Defendant. Plaintiff makes a practice of suggesting alternative cost-effective solutions of similar or higher efficacy.

22. In April 2019, Skagit County went to bid. Plaintiff was awarded this contract.

23. On information and belief, Defendant Eric Peterson is hired by Defendant Skagit County at some point after Plaintiff complained about the incident with the Defendant City of Burlington, as the Facilities Coordinator with Ken Hansen as his boss and Director.

24. Defendant Eric Peterson sent out a new bid, emailed to Plaintiff, on 23 April 2020.

25. Plaintiff objects and calls Ken Hansen. Before submitting their bids for a second time, Plaintiffs had a 35-minute telephone call with Ken Hansen, registering his objections and strong concerns on submitting the bid information and specific products requested.

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 7
Case No. 2:20-cv-01576-MJP

WHEAT LEGAL PLLC
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

26.  On information and belief, Ken Hansen immediately directs Eric Peterson to cancel the bid.  There was a new Bid No. 2 sent out on 30 April 2020.

27.  Plaintiff Txley delivered their bid via courier at the last possible moment in order to avoid what Plaintiff Sanjay Chakravarty suspected was ongoing collusion.

28.  **ARTFUL CHANGING OF BID PRE-REQUISITES TO 10 YEARS.** These proposed bid requirement changes favored *Bay City Supply* to the detriment of Plaintiff.  Plaintiff had a nine-year-old business at the time.  There is no reasonable relation to the justification for this requirement except to exclude the Plaintiff.

29.  **ARTFUL CHANGING OF NO EQUIVALENT PRODUCT EXCEPTIONS.** The bid requested specific products for which a demonstrably less expensive and higher quality alternative was available on the market.  Just as in 2019, Plaintiff suggested alternates, with evidence, that *PurTabs* called for in the bid and sold by *Bay City Supply* contain higher volumes of chlorine toxicity than products

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 8
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

carried by the Plaintiff. *Envirox* is another more costly product that is demonstrably less effective.

30. On the bid, though under contract during 2019, purchasing decisions have demonstrated a bias and preference towards *Bay City Supply* lists, as above. *Bay City Supply* has a proprietary supply list. It is proprietary to them for the purpose of obtaining preference, and not because of any specific cleaning or sanitary requirement. For instance, with *toilet paper* - Bay City Supply deals in "GP", "Solaris", and "LoCore" branded goods, while Plaintiff deals in "CT Commercial". Many of the supplies requested are fungible, and many are not.

31. **ACE HARDWARE.** Eric Peterson or Bret Bryan or their associates invited *Ace Hardware of Anacortes*, who on information and belief do not generally participate in bids, to participate in this bid. The hopeless bid participation was nothing more than an artifice aimed at camouflaging the unfairness of the process towards Plaintiff. The "low-ball" bid was not a serious effort at winning the bid, but it was a serious effort at portraying the bid as competitive.

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 9
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

32. On information and belief, the idea to have *Ace Hardware of Anarcortes*' bid on the contract did not originate with *Ace Hardware of Anarcortes*, but with Defendant Eric Peterson.

33. On information and belief, through diversions of orders in different marginal categories orders with its competitor, *Bay City Supply,* instead of placing orders in good faith with the parties to the agreement, Eric Peterson, Bret Bryan, and Franz Johnson of *Bay City Supply* acted together in either inadvertent cooperation, or conspiracy, or both.

34. On information and belief, there is an "Old Boy Network" of local suppliers in the region who meet for breakfast regularly with Franz Johnson, and who feel they "own" public contracts in Skagit County, San Juan County, and a federal defense contract in Kitsap County. Ultimately, an unnamed out of state corporation is the beneficiary of Defendant Eric Peterson's alleged intentional conduct.

35. On December 21, 2020, Plaintiff Sanjay Chakravarty requested the Federal Bureau of Investigation look into the unlawful competitive practices by this unnamed beneficiary corporation during the previous

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 10
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

fifteen (15) years and naming four (4) witnesses with personal knowledge. Plaintiff was told he would need to pursue the matter through local law enforcement.

36. The cumulative and collective impact of this pattern of being treated differently in public contracting because of his perceived national origin or background by the Defendant Eric Peterson in his tenure of employment at Defendants City of Burlington, and now Skagit County, has caused, and continues to cause, damage to Plaintiffs.

37. As above, it was important enough for the Plaintiff Sanjay Chakravarty to stand up at a City Council meeting at the City of Burlington on 24 October 2019 and address the issue in the public record, whereafter private promises of change and that the issues would be appropriately addressed followed, but none were kept. A copy of Plaintiff's written statement presented at the time is attached hereto as **Exhibit A**.

38. Shortly thereafter, Defendant Eric Peterson then went into employment at Defendant Skagit County and continued his pattern of discriminatory conduct in his role there. But this time it happened

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 11
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

during the Covid-19 pandemic, and even after the false start where the bidding requirements were reset to arrive at the second bid, Defendant Eric Peterson continues to push marginal order, item orders to the Plaintiff's competitor and loser in the bidding process, *Bay City Supply*.

## FIRST CLAIM FOR RELIEF

### (CIVIL RIGHTS)

**(Against Defendants – Eric Peterson; City of Burlington; Skagit County)**

39.  The Plaintiffs reallege and incorporate by reference its allegations to Paragraphs 1 through 38.

40.  At all relevant times, whether it was during his employment at the City of Burlington or at Skagit County, Eric Peterson was acting under color of law.

(a)  Defendant Eric Peterson intentionally discriminated against Plaintiff Sanjay Chakravarty on the basis of national origin or race by rudely slamming his office door in the face of the Plaintiff, harming the dignity of the Plaintiff.

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 12
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

(b)    Defendant Eric Peterson intentionally discriminated against Plaintiff Sanjay Chakravarty by attempting to exclude Plaintiff Txley from the bidding process by creating the bidding requirement of 10 years incorporation, which bore no reasonable relation to the contract requirements, at a time when the Plaintiff Txley corporation had been in business for 9 years.

(c)    Defendant Eric Peterson intentionally discriminated against Plaintiff Sanjay Chakravarty by soliciting a cover bid from *Ace Hardware of Anacortes* to give the appearance of competition, where there was not.

(d)    Defendant Eric Peterson intentionally discriminated against Plaintiff Sanjay Chakravarty by giving preference to Franz Johnson of *Bay City Supply* products in public bids for the supply of cleaning materials at Skagit County, which was awarded to Plaintiff Txley, but only after the bidding process was reset due to Plaintiff Sanjay Chakravarty's complaints to Ken Hansen.

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 13
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

(e)   Defendant Eric Peterson intentionally discriminated against Plaintiff Sanjay Chakravarty by continuing to award marginal categories of orders to Bay City Supply despite being ultimately forced to award the contract to Plaintiff Txley, and Plaintiff Txley having these supplies on hand and in supply.  It is a significant fact that during Covid-19 the shelves of Plaintiff Txley stood well-stocked in cleaning supplies, and without deviation in demand from the previous year, which one might expect in 2020 for a contract for the provision of cleaning products sold by Plaintiff Txley to Skagit County.  It is a figurative "dog that did not bark."

41.   As these coincidences pile up, a discernible pattern of discriminatory intent emerges, directed at Plaintiff Sanjay Chakravarty, by Defendant Eric Peterson - however, many explanations or excuses the Defendants may avail themselves to.

42.   These acts constitute a pattern of intentional discriminatory treatment by at least one municipal and county level official against the Plaintiffs, and tolerance of it by other public officials comfortably

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 14
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

ensconced in the notion that they can simply ignore this issue, and these allegations, and have them go away. There is, figuratively speaking, a room full of wise guys where "no one saw nothing."

43.    The reasoning of this public official – Defendant Eric Peterson – is opaque and the policies of the Defendant City of Burlington and Defendant Skagit County - leaves Defendant Eric Peterson's manifest bias against Plaintiff Sanjay Chakravarty unaccountable and unanswerable.

44.    Plaintiff Sanjay Chakravarty's prior public statement on October 24, 2019 denouncing what he knew, but was afraid to say, was a direct case of discrimination based not only on the readily inferable basis of racial and/or national origin, but on his direct perception of it under the circumstances.  This was then followed in time chronologically by a lateral promotion for Defendant Eric Peterson from his position at Defendant City of Burlington to a similar role at Defendant Skagit County.

45.    To the extent that local, regional, and state authorities are cooperating to resolve highly specific public complaints of racial or national

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 15
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

origin-based discrimination without dealing with those complaints, the court has federal jurisdiction.

46.   The policies of the City of Burlington and Skagit County make Defendant Eric Peterson unaccountable for his ongoing animus to the Plaintiff Sanjay Chakravarty.   The policies of these public bodies leave well-founded allegations unanswered, and Defendant Eric Peterson unanswerable.

47.   According to Plaintiff Sanjay Chakravarty, who is an astute businessman with more than a decade of business experience in Washington and has stated that he "never before felt so particularly or directly aggrieved or obviously aggrieved about the color of his skin or the fact he was born in India until he was snubbed by Defendant Eric Peterson, or since." He believes he is being plainly and obviously discriminated against by a system – the regional local government constituted by the State of Washington and its political subdivisions – that simply does not care.

48.   For Plaintiff Sanjay Chakravarty, and all others who are similarly situated, it is a painful reminder of how they are treated when they do,

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

and indeed must, confront bigoted and racist forces working against them; that even armed with facts and specifics of discriminatory conduct, that they may be dismissed and disbelieved, or as in this case, swept under the rug by shuffling personnel around.

49.   After the issue was raised, members of The City of Burlington made empty promises to Plaintiffs to look into the allegations when confronted, and Defendant Eric Peterson arrived in his new position at Defendant Skagit County as Covid-19 thrust supply of hygienic chemicals into a top national priority.

50.   The acts or omissions of Defendant Eric Peterson subjected Plaintiff Sanjay Chakravarty to the deprivation of rights protected by the Constitution of the United States, namely the right under the 14th Amendment not to be denied the equal protection of the laws of the United States on the basis of skin color or national origin; it is alleged specifically that Defendant Eric Peterson treated Plaintiff courteously on the phone when Plaintiff called and introduced himself over the phone, and he used the name "Jay" and spoke with his "white voice," but when Plaintiff Sanjay Chakravarty – who cannot conceal his skin

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 17
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

color – approached Defendant Eric Peterson (a public official) in person on or around June of 2017, he was rebuffed rudely, literally having the door slammed in his face.  Only one significant thing had changed the day Defendant Eric Peterson went from being friendly and courteous to when Defendant Eric Peterson slammed the door in Plaintiff's face, which was Defendant Eric Peterson's perception of Plaintiff's skin color.

51. Defendant Eric Peterson has categorically and consistently snubbed Plaintiff Sanjay Chakravarty both in words and in deeds, at all relevant times thereafter.

52. When Defendant Eric Peterson slammed the door on Plaintiff Sanjay Chakravarty, the Plaintiff was denied equal protection under the law in that he was unlawfully discriminated against throughout the public bidding and purchasing process and humiliated on the basis of his skin color or national origin.

53. Defendant Eric Peterson's actions directly and proximately caused personal injury to Plaintiff Sanjay Chakravarty's dignity and reputation.

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 18
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

54.     Defendant Eric Peterson's actions directly and proximately caused economic injury to Plaintiff Txley's business expectations and lost profits.

55.     Defendant City of Burlington's policies and procedures and Skagit County's policies and procedures directly and proximately caused economic injury to Plaintiff Txley's business expectations and lost profits.

56.     Defendant City of Burlington's policies and procedures and Skagit County's policies and procedures directly and proximately caused personal injury to Plaintiff Sanjay Chakravarty's dignity and reputation.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

### (Against Defendant Skagit County)

57.     The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through 56.

58.     On 10 April 2019, Plaintiff Txley and Defendant Skagit County entered into a Vendor Services Agreement by which Plaintiff

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 19
Case No. 2:20-cv-01576-MJP

WHEAT LEGAL PLLC
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

provided services/products up to a maximum sum of $40,000.00. A true and correct copy of this contract is annexed hereto as **Exhibit B**. This amount was later increased by $8,000.00 on March 20, 2020.

59.    Plaintiff Txley has duly performed all of his/its obligations and duties under the contract.

60.    By not ordering certain marginal product categories, and instead ordering them from their competitor anyway, Defendant Skagit County has breached the contract by refusing to renew or order products it carries and stocks under its agreement.

61.    As a result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined by the court, but no less than $42,000.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference with Business Expectancy)

### (Against Defendant – Eric Peterson)

62.    The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through 61.

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 20
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

63. That at the time of the conduct at issue, Plaintiff Txley had a business relationship or expectancy with a probability of future economic benefit for Plaintiff(s);

64. Defendant Eric Peterson knew of the existence of that business relationship or expectancy;

65. Defendant Eric Peterson intentionally induced or caused the termination of the business relationship or expectancy; and

66. Defendant Eric Peterson's interference was for an improper purpose or by improper means, and that the pattern of discriminatory conduct was a proximate cause of damages to Plaintiff(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, granting Plaintiff the following relief:

1. The entry of judgment in favor of the Plaintiffs on each and every cause of action;

2. The award of the requested damages in the amount of no less than $42,000.00;

3. The award of costs of the suit and attorney's fees; and

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 21
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

4.      Such other relief as the Court deems just and proper.

DATED this 21st day of December 2020.


                                                    _____
                                                    Jeffery M. Wheat, WSBA No. 54228
                                                    WHEAT LEGAL PLLC
                                                    701 Fifth Avenue, Suite 4265
                                                    Seattle, Washington 98104-7047
                                                    Telephone: (206) 262-7381
                                                    jeff@wheatlegal.com

                                                    Attorney for Plaintiffs


PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 22
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs demand a trial by jury on all issues that are so triable.

DATED this 21st day of December 2020.

Jeffery M. Wheat, WSBA No. 54228
WHEAT LEGAL PLLC
701 Fifth Avenue, Suite 4265
Seattle, Washington 98104-7047
Telephone: (206) 262-7381
jeff@wheatlegal.com

Attorney for Plaintiffs

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - 23
Case No. 2:20-cv-01576-MJP

**WHEAT LEGAL PLLC**
701 FIFTH AVENUE
SUITE 4265
SEATTLE, WASHINGTON 98104-7047
TELEPHONE: (206) 262-7381
info@wheatlegal.com

EXHIBIT A


**Txley**

139 E. Fairhaven Avenue
Burlington, WA  98233

Phone: (360)545-4433
Email: **info@txley.com**

**To: The City Council**
   **City of Burlington**
   **WA 98233**

10/24/2019

# Re: Irresponsiveness from Burlington Facilities Department (Erik Peterson)

Dear Sir or Madam:

We set up a minority-owned Facility Supply Business in Burlington in 2010 extending all aspects of supplies for various industries.  Over the years, we have been successful in acquiring several key customers like Trident Seafoods, Marathon Refinery, Skagit PUD, Snohomish PUD, Best Western, Four Points Sheraton, Holiday Inn, Seattle Genetics, ABM, ISS, Mountain Glen, Mira Vista, The Bridge Retirement Community, Christ the King Church, City of Mount Vernon, Skagit County Parks, Mount Vernon Police Department and won several bids like City of Anacortes, Skagit County Jail, Skagit County Facilities etc.

Skagit County Facilities saved over 20% in their budget and the Skagit County Jail saw cost savings of approx. 30%. Most of all our clients have seen a substantial savings in their budget with better quality products and superior service.

In 2010, we got in touch with the then Facilities manager Paul Tingley, and offered the City of Burlington cost savings.  They did not respond. After the departure of Paul Tingley, Erik Peterson took over the position and we have made several calls and visits to the facilities office.  Our attempts have been met with non-responsiveness and actual avoidance. If you consider the budget for the last 10 years with an average 10-20% savings, that would translate to a substantial amount of tax dollars savings.

We are LOCAL. We are based in Burlington. We have been told by custoers, we offer superior customer service and our products have had substantial cost savings. We do not understand why there is such negligence to not entertain a sitdown meeting, and sincerely hope that it is not a case of discrimination.

I would request the city council to review the matter so there is fairness and things are worked towards the best interests of the City of Burlington.

Sincerely

**Jay Chakravarty**
President

EXHIBIT B

## VENDOR SERVICES AGREEMENT

Skagit County, through the Department of Facilities Management (hereinafter referred to as County) and Txley, Inc. (hereinafter referred to as Contractor), for and in consideration of the mutual benefits do hereby agree as follows:

1.     Contractor will provide the following service/products at such time and in such manner as described in **"Exhibit A"**.

2.     County will compensate Contractor a maximum of $40,000.00, chargeable to GL expenditure code #001 51400003120, 001 51400003510, or any others that may apply.

3.     The parties agree that Contractor is an independent contractor, and not an employee nor agent of Skagit County.  Contractor hereby agrees not to make any representations to any third party, nor to allow such third party to remain under the misimpression that Contractor is an employee of Skagit County.  All payments made hereunder and all services performed shall be made and performed pursuant to this Agreement by the Contractor as an independent contractor.  Contractor will defend, indemnify and hold harmless the County, its officers, agents or employees from any loss or expense, including but not limited to settlements, judgments, setoffs, attorneys' fees or costs incurred by reason of claims or demands because of breach of the provisions of this paragraph.  Further the Contractor represents that all employees and sub-contractors are covered under Industrial Insurance in compliance with R.C.W. Title 51.

4.     Defense & Indemnity Agreement:
The Contractor agrees to defend, indemnify and save harmless the County, its appointed and elective officers and employees, from and against all loss or expense, including but not limited to judgments, settlements, attorney's fees and costs by reason of any and all claims and demands upon the County, its elected or appointed officials or employees for damages because of personal or bodily injury, including death at any time resulting therefrom, sustained by any person or persons and on account of damage to property including loss of use thereof, whether such injury to persons or damage to property is due to the negligence of the Contractor, its subcontractors, its elected officers, employees or their agents, except only such injury or damage as shall have been occasioned by the sole negligence of the County, its appointed or elected officials or employees.  It is further provided that no liability shall attach to the County by reason of entering into this contract, except as expressly provided herein.

5.     This Contract shall commence on date of execution and continue until either party terminates by giving 30 days notice in writing either personally delivered or mailed postage prepaid by certified mail, return receipt requested to the party's last known address, but in no event shall the contract continue for more than one year from date of execution. County and Contractor have option to extend for one additional year via an amendment.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

6.    The Contractor shall not assign any interest in this Contract and shall not transfer any interest in same without prior written County consent.

7.    The Contractor will secure, at his own expense, all personnel required in performing said services under this Contract.  Contractor shall be personally liable for applicable payroll, labor and industries premiums and all applicable taxes and shall hold County harmless therefrom.

8.    The Contractor shall provide proof of insurance for general comprehensive liability in the amount of $1,000,000 to cover Contractor's activities during the term of this Contract.  Proof of insurance shall be in a form acceptable and approved by the County.  A certificate of insurance naming the County, its elected officials, and employees as additional insured's and naming the County as a certificate holder shall accompany this Contract for signing.  Thirty (30) days' written notice to the County of cancellation of the insurance policy is required.  No contract shall form until and unless a copy of the certificate of insurance, in the amount required, is attached hereto as set forth in **"Exhibit "B"**.  The contractors insurance shall be primary. Any insurance or self-insurance maintained by the County, its officers, officials, employees or volunteers shall be excess of Contractors insurance and shall not contribute to it.

9.    Prevailing Wages:
If applicable, Contractor and subcontractor shall submit a "Statement of Intent to Pay Prevailing Wages" prior to submitting first application for payment. Each statement of intent to pay prevailing wages must be approved by the Industrial Statistician of the Department of Labor and Industries before it is submitted to the County. Unless otherwise authorized by the Department of Labor and Industries, each voucher claim submitted by a Contractor for payment on a project estimate shall state that the prevailing wages have been paid in accordance with the pre-filed statement or statements of Intent to Pay Prevailing Wages on file with the public agency.

10.    Termination for Public Convenience:
The County may terminate the contract in whole or in part whenever the County determines, in its sole discretion that such termination is in the best interests of the County.  Whenever the contract is terminated in accordance with this paragraph, the Contractor shall be entitled to payment for actual work performed at unit contract prices for completed items of work.  An equitable adjustment in the contract price for partially completed items of work will be made, but such adjustment shall not include provision for loss of anticipated profit on deleted or uncompleted work.  Termination of this contract by the County at any time during the term, whether for default or convenience, shall not constitute a breach of contract by the County.  If sufficient funds are not appropriated or allocated for payment under this contract for any future fiscal period, the County will not be obligated to make payments for services or amounts incurred after the end of the current fiscal period.  No penalty or expense shall accrue to the County in the event this provision applies.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

CONTRACTOR:

_____
Signature & Title of Signatory
(Date   4/18/19   )

_Jay Chakravarty_
Print Name

_President_
Title

Mailing Address:

████████████████████
████ ██ ██ █████████

Telephone No. 360-545-4433

███████████████
███ ███████

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

DATED this _____ day of _____, 2019.

**BOARD OF COUNTY COMMISSIONERS
SKAGIT COUNTY, WASHINGTON**

_____
Lisa Janicki, Chair

_____
Ron Wesen, Commissioner

_____
Kenneth A. Dahlstedt, Commissioner

Attest:

_____
Clerk of the Board

For contracts under $5,000:
Authorization per Resolution  R20030146

Recommended:

_____
County Administrator

_____
Department Head

Approved as to form:

_____
Civil Deputy Prosecuting Attorney

Approved as to indemnification:

_____
Risk Manager

Approved as to budget:

_____
Budget & Finance Director

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

## EXHIBIT "A"

## SCOPE OF SERVICES

**Services Title:  Custodial Equipment and Supplies**
**Delivery Location:  Administration Building, 700 S 2nd St, Rm 124, Mount Vernon, WA 98273**

Contractor shall deliver or ship requested amounts of all sanitary paper products, custodial cleaning equipment and supplies to the address above.

For the term of the Contract, pricing for all products will be no greater than the agreed upon Price List. If, however, during any term of the Contract lower prices and rates become effective for like quantities of materials, through reduction in Contractor's list prices, promotional discounts, or other circumstances, County will be given immediate benefit of such lower prices.

Unless otherwise specified in the Solicitation, no additional charges by the Contractor will be allowed including, but not limited to: handling charges such as packing, wrapping, or boxes. Notwithstanding the foregoing, in the event that market conditions, laws, regulations or other unforeseen factors dictate, at the Director of Facilities Management's sole discretion, additional charges may be allowed.

At least 45 calendar days before the end of the current term of this Contract, Contractor may propose rate increases by written notice to the County. The County may take Price adjustments into consideration, when determining whether or not to extend this Contract. No consideration will be given to price increase requests without supporting documentation sufficient to justify the requested increase. All price increases must have supporting documentation sufficient to justify the requested increase. The grant of any price adjustment will be at the sole discretion of the County Facilities Management Director and, if granted, shall not produce a higher profit margin for the Contractor than that established by the original contract pricing. The Contractor will receive written approval from the County of any price adjustment and such price adjustment shall be set forth in a written amendment to the contract. Price adjustments shall remain unchanged for at least one year thereafter.

The County will not be bound by invoice prices that are higher than those in the contract, unless Facilities Management has accepted the higher price and the amended the contract. The Contractor will correct any incorrect invoice pricing.

## COMPENSATION

Prices provided on next page to be locked in unless there is a government or manufacturer imposed tariff increase.

Total compensation not to exceed $40,000.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

## Price List

| Item | Packaging | Brand | Price |
|------|-----------|-------|-------|
| Toilet Paper 2-Ply for GP Model 56784 | 18 Rolls/Case | CTC | $ 34.95 |
| Brown Hardwound Towel | 6 Rolls/Case | GP Sofpull or equivalent | $ 49.95 |
| White Hardwound Towel | 6 Rolls/Case | Oasis or equivalent | $ 29.95 |
| Paper Towels | 30 Rolls/Case | BWK | $ 27.95 |
| Toilet Seat Cover | 20 Boxes/Case | Karat | $ 33.95 |
| Trash Liners, 2.0 mil | 100 Liners/Case | AP | $ 28.95 |
| Trash Liners, 1.5 mil | 250 Liners/Case | AP | $ 28.95 |
| Trash Liners, .9 mil | 500 Liners/Case | AP | $ 28.95 |
| Waxed paper bags | 500 Bags/Case | HOS | $ 27.13 |
| Disinfection Tablets, 200 tabs | 200 Tabs / 5 lb | Protexus Purtabs | $ 59.95 |
| Disinfection Solution **Concentrate** | 4x2L/Case | Multi-Task Century 256 | $ 129.92 |
| Liquid Bacteria Digester, Push | Quart | Multiclean | $ 5.95 |
| Sanitizer/Virucide Cleaner **Concentrate** | 4x2L/Case | Multiclean 007 | $ 128.79 |
| Sanitizer/Virucide Cleaner | Gallon | Multiclean | $ 23.95 |
| Hard Water/Soap Scum Remover | Quart | Multiclean | $ 3.75 |
| Furniture polish, aerosol | 18 oz Can | NCL | $ 6.95 |
| Neutral Cleaner **Concentrate** | 4x2L/Case | Multiclean NeutraZyme | $ 138.68 |
| Neutral Cleaner | Quart | Multiclean | $ 3.75 |
| Stainless Steel Cleaner, aerosol | 16 oz Can | BWK | $ 4.95 |
| Air Freshener, Aerosol, aerosol | 14.25 oz Can | Nilodor | $ 4.95 |
| Toilet Bowl Cleaner | Quart | Multiclean | $ 5.95 |
| Foaming Hand Cleanser | Gallon | Multiclean | $ 56.00 |
| Glass & Surface Cleaner, aerosol | 16 oz Can | BWK | $ 3.19 |
| Cleaner Paste | 30 oz Can | QB | $ 15.95 |
| White Vinegar | Gallon | Four Monks | $ 17.95 |
| Urinal deodorant block | 12 blocks/Box | Fresh | $ 9.95 |
| Carpet / Floor Cleaner Defoamer | Gallon | Multiclean | $ 16.95 |
| Gloves, Latex | 100/Box | Karat | $ 4.95 |
| Gloves, Latex | 100/Box | Karat | $ 4.95 |
| Gloves, Latex | 100/Box | Karat | $ 4.95 |
| Wall-mounted Dilution System | 2 Diluters | Multiclean | $ 140.00 |
| Urinal Screen | 12/box | | $ 14.95 |
| Plastic Toilet Bowl Brush | each | Plastic or equivalent | $ 2.95 |
| Burnishing Porko Plus Pad | each | Americo Manufacturing or equivalent | $ 6.95 |
| Doodlebug Floor Cleansing Pad | 10/box | 3M or equivalent | $ 17.49 |
| #117 Spray Bottle | each | | $ 2.50 |

This list does not include every item that will be needed by Skagit County Facilities Management.
Prices for any additional equipment or supplies will be agreed upon prior to ordering, delivery, and
invoicing. The Custodial Supervisor is authorized to request and approve additional items pricing.

VENDOR SERVICES AGREEMENT
TXLEY, INC., CONTRACTOR

## EXHIBIT "B"

### PROOF OF INSURANCE

The Contractor shall provide proof of insurance for Commercial General Liability or Professional Liability in the amount of $1,000,000.00 to cover Contractor's activities during the term of this Contract.  Proof of insurance shall be in a form acceptable and approved by the County. Contractors insurance shall be primary.

The type of insurance required by this Agreement is marked below.

    ☐  1)   Commercial General Liability Insurance
Certificate Holder – Skagit County
**The Certificate must name the County as additional insured:**
**Skagit County, its elected officials, officers and employees**
**are named as additional insured.**
Thirty (30) days written notice to the County of cancellation
of the insurance policy.
☐  2)   Professional Liability
Certificate Holder – Skagit County
Thirty (30) days written notice to the County of cancellation
of the insurance policy

NOTE:  No contract shall form until and unless a copy of the Certificate of Insurance, properly completed and in the amount required, is attached hereto.

    ✓  3)   Insurance is waived

Date:_____

                                Risk Manager