1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  | SANJAY CHAKRAVARTY, TXLEY INC,                    | CASE NO. C20-1576 MJP

11  |                                                     | ORDER GRANTING
    |                   Plaintiffs,                       | DEFENDANTS' MOTIONS TO
12  |                                                     | DISMISS
    | v.
13  |
    | ERIC PETERSON, CITY OF
14  | BURLINGTON, SKAGIT COUNTY,
15  |                   Defendants.

16

17    This matter comes before the Court on Defendant Skagit County's Motion to Dismiss

18  (Dkt. No. 22) and Defendant City of Burlington's Motion to Dismiss (Dkt. No. 26). Having

19  reviewed the Motions, the Oppositions (Dkt. Nos. 24 and 29), the Reply (Dkt. No. 25), the

20  Amended Complaint (Dkt. No. 17), and all supporting materials, the Court GRANTS the

21  Motions and DISMISSES the civil rights claims against Skagit County and the City of

22  Burlington without prejudice and GRANTS Plaintiffs leave to file a second amended complaint

23  within 14 days of entry of this Order.

24

1

**BACKGROUND**

2          Plaintiff Sanjay Chakravarty owns and operates Plaintiff Txley, Inc. (Amended

3   Complaint ¶ 14.) Txley is a facility supply and distribution company that has provided cleaning

4   supplies to Skagit County. (Id. ¶¶ 15, 22.) Plaintiffs allege that Defendant Eric Peterson, the

5   Facilities Coordinator for Skagit County Facilities Management, has discriminated against

6   Chakravarty on account of his perceived national origin. (Id. ¶¶ 7, 20, 36, 40-45, 46-54.)

7   Plaintiffs allege that Txley won a supply contract bid in 2019 from Skagit County. (Id. ¶ 22.) But

8   after Peterson started to work at Skagit County, he sent out a bid in April 2020 that allegedly

9   discriminated against Txley. (Id. ¶ 24.) Though the allegations are opaque, it appears Plaintiffs

10  allege that Peterson changed the bid pre-requisites to prevent Txley from being a qualified

11  bidder. (Id. ¶¶ 28-30.) And it appears Plaintiffs allege that Peterson did so to unfairly favor a

12  different supplier with whom he has close associations. (Id. ¶¶ 31-34.) But Plaintiffs also allege

13  that the bid was then canceled after Chakravarty complained to Peterson's manager, Ken

14  Hansen. (Id. ¶¶ 23-26.) And in their opposition brief, Plaintiffs state that "there is not yet any

15  evidence that Skagit County ultimately failed to live up to its end of the agreement." (Pls. Opp. to

16  Skagit MTD at 3 (Dkt. No. 24).)

17          Plaintiffs also allege that Peterson discriminated against Chakravarty while Peterson

18  worked for the City of Burlington. (Am. Compl. ¶ 20.) According to Plaintiffs, in June 2017,

19  Peterson had been courteous on the phone when discussing an unidentified matter with

20  Chakravarty. (Id.) But when Chakravarty appeared for an in-person meeting, Peterson slammed a

21  door in his face when he learned his name was "Sanjay" and not "Jay." (Id.) Chakravarty states

22  he "felt aggrieved by the Defendant Peterson's implicit bias then, and he would later raise the

23  issue, to no avail with the City of Burlington." (Id.) Plaintiff does not provide any other

24  allegations to support his assertion that he has been "treated differently in public contracting

1  because of his perceived national origin or background by . . . Peterson" while at the City of
2  Burlington. (Id. ¶ 36.) And Plaintiffs do not identify Txley as having been aggrieved by this
3  conduct.

4      As to Skagit County and the City of Burlington, Plaintiffs allege that "[t]he policies of the
5  City of Burlington and Skagit County make Defendant Eric Peterson unaccountable for his
6  ongoing animus to the Plaintiff Sanjay Chakravarty." (Am. Compl. ¶ 46.) Plaintiffs also allege
7  that the "policies and procedures" of Skagit County and the City of Burlington have caused
8  Txley economic injuries and Chakravarty personal injuries. (Id. ¶¶ 55-56.)

9      Plaintiffs bring three claims: (1) "civil rights" claims against Peterson, Skagit County,
10  and the City of Burlington; (2) a breach of contract claim against Skagit County; and (3) tortious
11  interference with a business expectancy against Peterson. Skagit County and the City of
12  Burlington seek dismissal of Plaintiffs' civil rights claims, though both have filed answers to the
13  Amended Complaint. (See Dkt. Nos. 20, 21.)

14                          **ANALYSIS**

15  **A.    Legal Standard**

16      In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true
17  and construe the complaint in the light most favorable to the non-movant. Wyler Summit P'Ship
18  v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). But the Court is not required "to
19  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
20  unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).
21  The Court need not "assume the truth of legal conclusions merely because they are cast in the
22  form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)
23  (quotation omitted).

24

1    The Court may dismiss a complaint for "failure to state a claim upon which relief can be

2    granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, the complaint "must contain sufficient

3    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

4    v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

5    (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

6    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

7    Iqbal, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more

8    than the mere possibility of misconduct," the allegations are inadequate to satisfy Rule 8. Id. at

9    679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it

10   stops short of the line between possibility and plausibility of entitlement to relief." Twombly,

11   559 U.S. at 557 (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004)

12   ( "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion

13   to dismiss.").

14   **B.    Untimely Rule 12(b)(6) Motions**

15   Plaintiffs correctly point out that both Motions were improperly filed under Rule 12(b)(6)

16   because both defendants had already filed answers. See Elvig v. Calvin Presbyterian Church, 375

17   F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive

18   pleading.") Rather than deny the Motions, the Court treats them as motions for judgment on the

19   pleadings under Rule 12(c). See id. And the same standards identified above in Section A

20   therefore apply. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (noting that under

21   Rule 12(b)(6) and 12(c), "a court must determine whether the facts alleged in the complaint,

22   taken as true, entitle the plaintiff to a legal remedy").

23

24

**C.      Municipal Liability Claims**

Plaintiffs fail to allege viable civil rights claims against Skagit County or the City of Burlington. First, both Plaintiffs lack standing to sue Skagit County and Txley lacks standing to sue the City of Burlington. Second, in addition to these jurisdictional flaws, Plaintiffs fail to identify sufficient facts to support claims for municipal liability under 42 U.S.C. § 1983.

**1.      Lack of Standing**

The Court first notes that Plaintiffs lack standing to pursue most of the civil rights claims they make. The Court raises this issue <u>sua sponte</u> because it relates to the Court's subject matter jurisdiction. <u>See</u> <u>Gonzalez v. Thaler</u>, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider <u>sua sponte</u> issues that the parties have disclaimed or have not presented [as] . . . [s]ubject-matter jurisdiction can never be waived or forfeited.")

A civil rights action is personal in nature and can be brought only by the person or entity suffering the injury. <u>See</u> <u>Conn v. Gabbert</u>, 526 U.S. 286, 292 (1999). And "[i]n general, shareholders lack standing to assert an individual § 1983 claim based on harm to the corporation in which they own shares." <u>See</u> <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1057 (9th Cir. 2002); <u>see</u> <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1318 (9th Cir. 1989) ("[I]t is not sufficient for the plaintiff to assert a personal economic injury resulting from a wrong to the corporation.").

As to Skagit County, Chakravarty fails to allege any facts that he personally suffered an injury relating to the sole alleged act of misconduct—the canceled bid. The bid itself only appears linked to Txley as the potential bidder. Chakravarty thus lacks standing because he has identified no personal injury. And as Plaintiffs admit, Txley suffered no injury because the

purportedly discriminatory bid was rescinded. (Pls. Opp. to Skagit MTD at 3 (Dkt. No. 24).) The Court thus finds both Plaintiffs lack standing to bring civil rights claims against Skagit County as pleaded.

As to the City of Burlington, Txley has not alleged any injury traceable to the City of Burlington. Nor could Txley rely on an injury Chakravarty claims to have suffered from Peterson's conduct. Txley therefore lacks standing to sue the City of Burlington.

The Court therefore DISMISSES both Plaintiffs' claims against Skagit County and Txley's claims against the City of Burlington for lack of standing.

### 2. Inadequately Pleaded Claims

Even if Plaintiffs had shown standing, they fail to identify any actionable theory of § 1983 municipal liability against Skagit County or the City of Burlington.

"To impose municipal liability under § 1983 for a violation of constitutional rights plaintiff must show: (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (quotation omitted; alterations in original). The plaintiff must demonstrate that the government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1096 (9th Cir. 2013) (citations and quotations omitted). "To meet this requirement, the plaintiff must show both causation-in-fact and proximate causation." Id. The Ninth Circuit has held that "a custom or practice can be supported by evidence of repeated constitutional violations which went uninvestigated and for which the errant municipal officers went unpunished." Hunter v. County of Sacramento, 652 F.3d 1225, 1236 (9th Cir. 2011). But a

widespread "custom or practice" must be so "persistent" that it constitutes a "permanent and well settled city policy" and "constitutes the standard operating procedure of the local governmental entity." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986) (emphasis in original) (quotation omitted).

A municipality may also be liable under § 1983 if the official or employee who caused a constitutional violation was acting as a "final policymaker." Lytle v. Carl, 382 F.3d 978, 981 (9th Cir. 2004). "To hold a local governing body liable for an official's conduct, a plaintiff must first show that the official (1) had final policymaking authority concerning the action … at issue; and (2) was the policymaker for the local governing body for the purposes of the particular act." Goldstein v. City of Long Beach, 715 F.3d 750, 753 (9th Cir. 2013) (citations omitted). The plaintiff must demonstrate that an action of the final policymaker "was the 'moving force' behind the constitutional violation he suffered." Gravelet-Blondin, 728 F.3d at 1096 ("To meet this requirement, the plaintiff must show both causation-in-fact and proximate causation.") And the Court looks to state law to determine whether an official is a policymaker for Monell purposes. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988); see Ellins v. City of Sierra Madre, 710 F.3d 1049, 1066 (9th Cir. 2013). The Court makes this determination on a function-by-function approach analyzed under the state organizational structure. Goldstein, 715 F.3d at 753. A "policy" is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). A single

constitutional violation may suffice to impose liability on the municipality under this rubric.

Pembaur, 475 U.S. at 478 & n.6. But "[p]roof of a single incident of unconstitutional activity is

not sufficient to impose liability under Monell, unless proof of the incident includes proof that it

was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a

municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985).

Plaintiffs fail to state a claim against Skagit County. First, Plaintiffs make no intelligible

or colorable allegations that Skagit County had a deliberate policy, custom, or practice that is the

moving force behind Peterson's alleged misconduct. Plaintiffs refer vaguely to "policies and

procedures" of Skagit County, but they do not explain what they are or how they caused the

constitutional violation Peterson allegedly committed. (See Am. Compl. ¶¶ 24-26, 46, 55-56.)

Second, Plaintiffs fail to allege facts to support a claim under a ratification theory. As the

Amended Complaint asserts, Peterson is not a final policymaker—indeed, his boss, Hansen

reversed the one bid decision about which Plaintiffs complain. (See Am. Compl. ¶ 26.) Plaintiffs

have not alleged or explained how Peterson is a final policymaker or how this theory of liability

applies. In Plaintiffs' opposition, they refer to "Mayor Steve Sexton's deliberate indifference."

(Pls. Opp. at 11 (Dkt. No. 24).) But Mayor Sexton is not mentioned in the Amended Complaint

and he appears to be the Mayor of Burlington. Plaintiffs cannot successfully allege municipal

liability claims against Skagit County based on the actions of the City of Burlington. So even if

Plaintiffs had standing, they have failed to state a claim of municipal liability against Skagit

County.

As to the City of Burlington, the Amended Complaint falls well short of alleging

municipal liability. As best the Court can surmise, the door-slamming incident directed only at

Chakravarty is the only act of which Plaintiffs complain while Peterson was employed at the

1   City of Burlington. But Plaintiffs have failed to identify a specific policy, custom, or practice that

2   was the moving force behind the alleged discrimination. In addition, Plaintiffs do not allege facts

3   to support the conclusion that this singular act was "caused by an existing, unconstitutional

4   municipal policy, which policy can be attributed to a municipal policymaker." Tuttle, 471 U.S. at

5   823–24. In their opposition, Plaintiffs refer to many "unpleaded facts" about the Mayor of the

6   City of Burlington who made unspecified promises during a private meeting. These passing

7   references to "facts" outside the complaint do not support Plaintiffs opposition, as the Court's

8   review is limited to the amended complaint. See  Clegg v. Cult Awareness Network, 18 F.3d

9   752, 754 (9th Cir. 1994). Nor would these facts support a claim brought by Txley, as the acts

10  alleged concern only Chakravarty individually. Plaintiffs have not alleged sufficient facts to

11  plead municipal liability against the City of Burlington.

12      In addition to its jurisdictional flaws, the Amended Complaint fails to allege viable

13  municipal liability claims against Skagit County the City of Burlington and the Court

14  DISMISSES the civil rights claims against them.

15  **D.      Request to Amend**

16      Plaintiffs have requested leave to amend their complaint a second time to add additional

17  factual allegations against both Defendants. While Plaintiffs' disorganized and imprecise

18  amended complaint falls well short of alleging viable civil rights claims against either Skagit

19  County or the City of Burlington, the Court has not identified any futility in further amendment.

20  See Fed. R. Civ. P. 15(a). The Court GRANTS leave to Plaintiffs to file a second amended

21  complaint. Plaintiffs must file the second amended complaint within 14 days of entry of this

22  Order.

23

24

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 9

Counsel must also closely review the applicable standards for municipal liability and ensure that any new factual allegations articulate and support actionable claims. Plaintiffs must also take greater care to organize the factual allegations and specify the time frame of each factual allegation including the plaintiff(s) and defendant(s) to whom they apply. Greater precision and organization in the pleadings will enable the Court to assess the merits of Plaintiffs' allegations. Plaintiffs should be aware that further leave to amend will not be granted absent extraordinary circumstances.

## CONCLUSION

Plaintiffs lack standing and fail to state claims under § 1983 against Skagit County. Txley lacks standing to sue the City of Burlington and both Plaintiffs fail to state claims under § 1983 against the City of Burlington. The Court GRANTS both Motions to Dismiss and DISMISSES the civil rights claims against Skagit County and the City of Burlington without prejudice. The Court GRANTS LEAVE to Plaintiffs to file a second amended complaint. Any amendment must be filed within 14 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 19, 2021.

Marsha J. Pechman
United States District Judge