UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANJAY CHAKRAVARTY, et al., | CASE NO. C20-1576 MJP |
| Plaintiffs, | ORDER GRANTING DEFENDANT SKAGIT COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| ERIC PETERSON, et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Skagit County's Motion for Partial Summary Judgment on Plaintiff Txley Inc.'s Breach of Contract Claim. (Dkt. No. 37.) Having reviewed the Motion, Txley's Opposition (Dkt. No. 40), the Reply (Dkt. No. 41), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Txley is a facilities supply company that sells cleaning supplies to various entities, including Skagit County. (Second Amended Complaint ¶ 12.) In 2019, Txley and Skagit County entered into a purchasing contract for cleaning supplies. (Id. ¶ 43.) Skagit County extended the

contract an additional year after an unsuccessful attempt to go to bid. (Id. ¶ 45, 50-52.) Txley

alleges Skagit County began "splitting the contract" and ordering certain janitorial products from

its competitor, Bay City Supply. (Id. ¶¶ 43, 76.) Txley claims $3,924.39 in lost profits "which is

calculated as the marginal value of sales of products valued at $9,810.99 to Bay City Supply."

(Id. ¶ 77.)

Skagit County challenges these allegations. The County has provided a copy of the 2019

contract between the County and Txley, which was extended in 2020. (Exs. A and D to the

Declaration of Kenneth Hansen (Dkt. No. 37-1); Hansen Decl. ¶ 5, 11.) The contract and

extension contain no provisions requiring the County to purchase cleaning supplies exclusively

from Txley. (Id.; see Hansen Decl. ¶ 12.) The County's Director of Facilities Management also

avers that as a result of the COVID-19 pandemic, it sought products from multiple vendors,

including Txley, for COVID-19-related cleaning supplies. (Hansen Decl. ¶ 13.) The County did

purchase some COVID-19-related cleaning supplies from Bay City Supply in 2020. (Hansen

Decl. ¶¶ 14-23.) According to Hansen, "[t]he vast majority of these purchases [from Bay City

Supply] were for COVID related purchases which Txley had been given the opportunity but

were unable to provide." (Id. ¶ 14.) The purchases from Bay City Supply were either products

not covered by the contract with Txley, products that Txley could not supply, or products that

were difficult to obtain at the start of the pandemic. (Id. ¶¶ 15-23.) And notwithstanding the

purchases from Bay City Supply, the County continued to purchase cleaning supplies from Txley

from 2019 through 2021, totaling $87,934. (Id. ¶ 24.)

**ANALYSIS**

**A.      Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

**B.      Breach of Contract**

Skagit County has tested Txley's breach of contract claim and Txley falls far short of meeting its burden to show a genuine issue for trial.

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus., 78 Wn. App. 707, 712 (1995).

Txley fails to offer any evidence that Skagit County breached any term of the contract. The Second Amended Complaint points to no specific contractual provision that was allegedly

breached. Txley's opposition similarly cites to no specific provisions or explanation of how Skagit County breached any specific duty owed to Txley. The opposition is entirely unsupported by any competent evidence—there are no declarations or exhibits submitted with or cited to in the opposition. Counsel appears to have put pictures of invoices into the briefing, but without any supporting declaration attesting to their accuracy, they are not evidence. Even if they were, they do not identify any contractual provision that was breached. As the County has demonstrated, there are no provisions in the contract or its extension preventing the County from purchasing cleaning supplies from Bay City Supply or any other entity. As such, those purchases did not breach the contract or extension. Having failed to identify any provision that has been breached, Txley has not provided sufficient evidence to sustain its breach of contract claim or oppose summary judgment. The Court therefore GRANTS the Motion for Partial Summary Judgment as to this claim.

## CONCLUSION

When challenged, Txley has failed to provide any evidence to support its breach of contract claim against Skagit County. The Court therefore GRANTS Skagit County's Motion for Partial Summary Judgment as to the breach of contract claim, which terminates Skagit County as a defendant in this matter.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 30, 2021.

Marsha J. Pechman
United States Senior District Judge