UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANJAY CHAKRAVARTY, et al., | CASE NO. C20-1576 MJP |
| Plaintiffs, | ORDER GRANTING DEFENDANT ERIC PETERSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| ERIC PETERSON, et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Eric Peterson's Motion for Partial Summary Judgment as to Plaintiff Txley Inc.'s tortious interference claim. (Dkt. No. 38.) Having reviewed the Motion, Defendant Peterson's Notice of Non-Opposition (Dkt. No. 43), the supporting materials, and noting the absence of any opposition by Plaintiffs, the Court GRANTS the Motion.

**BACKGROUND**

Defendant Peterson seeks summary judgment in his favor as to Plaintiff Txley Inc.'s tortious interference claim. The Court briefly reviews the allegations.

1   Txley alleges that Peterson engaged in tortious interference by terminating a contract
2   between Txley and Skagit County and that Skagit County split the contract with a competitor
3   that Defendant Peterson favored. (Second Amended Complaint ¶ 65.) Txley alleges that Peterson
4   "intentionally induced or caused the termination of the business relationship or expectancy." (Id.)
5   And Txley alleges that "Peterson's interference was for the improper purpose of racial
6   discrimination or some other improper purpose, or by the improper means of adjusting bidding
7   requirements, and that the pattern of discriminatory conduct was a proximate cause of economic
8   damages and lost profits to Plaintiff Txley." (Id. ¶ 66.)

9   In support of his Motion for Partial Summary Judgment, Peterson has provided evidence
10  that the reasons the County sought additional bids and purchased materials from competitors to
11  Txley was due to the COVID-19 pandemic and the need to obtain cleaning supplies that Txley
12  could not timely deliver. (See Declaration of Kenneth Hansen ¶¶ 6, 8, 13-23.) The County
13  continued to buy materials from Txley when they were available. (Id. ¶ 24.) And nothing in the
14  County's contract with Txley required the County to purchase materials exclusively from Txley.
15  (Id. ¶ 12.)

16  Txley has not opposed the Motion and has not identified any evidence to support its
17  claim.

18  **ANALYSIS**

19  **A.   Legal Standard**

20  Summary judgment is proper "if the pleadings, the discovery and disclosure materials on
21  file, and any affidavits show that there is no genuine issue as to any material fact and that the
22  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether
23  an issue of fact exists, the Court must view all evidence in the light most favorable to the
24

nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

The Court construes Txley's failure to oppose the motion as an admission that it has merit. See Local Rule 7(b)(2).

**B.    Tortious Interference Claim**

Peterson has demonstrated that he is entitled to summary judgment in his favor on Txley's tortious interference claim.

In order to prove its tortious interference claim, Txley must demonstrate: "1. The existence of a valid contractual relationship or business expectancy; 2. That defendants had knowledge of that relationship; 3. An intentional interference inducing or causing a breach or termination of the relationship or expectancy; 4. That defendants interfered for an improper purpose or used improper means; and 5. Resultant damages." Commodore v. Univ. Mech. Contractors, Inc., 120 Wn.2d 120, 137 (1992), amended (Nov. 18, 1992).

As Peterson notes, Txley has only provided evidence of the first two elements—the existence of the contract and Peterson's knowledge thereof. Txley has provided no evidence of Peterson's intentional interference, that any such alleged interference was for an improper

purpose or for an improper means, or that Txley suffered any damages. Because Txley failed to show competent evidence to satisfy its prima facie claim, Peterson is entitled to summary judgment in his favor. The Court therefore GRANTS the Motion.

## CONCLUSION

Through his Motion for Partial Summary Judgment, Peterson has tested Txley's tortious interference claim. Txley did not oppose the motion and has identified no competent evidence to sustain its claim against Peterson. The Court therefore GRANTS the Motion for Partial Summary Judgment in Peterson's favor as to this claim. Given the Court's prior rulings, there are no longer any claims pending against Peterson in this matter.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 30, 2021.

Marsha J. Pechman
United States Senior District Judge