UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANJAY CHAKRAVARTY, et al., | CASE NO. C20-1576 MJP |
| Plaintiffs, | ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| ERIC PETERSON, et al., | |
| Defendants. | |

This matter comes before the Court on Defendant City of Burlington's Motion for Summary Judgment (Dkt. No. 46) and Plaintiff Sanjay Chakravarty's Cross-Motion for Summary Judgment (Dkt. No. 47). Having reviewed the Motions, the Oppositions and Replies (Dkt. Nos. 47, 48, 50), and all supporting materials, the Court GRANTS Defendant's Motion and DENIES Plaintiff's Motion.

**BACKGROUND**

Plaintiff Sanjay Chakravarty brings one claim under 42 U.S.C. § 1983 against the City of Burlington "for the acts and omissions of Mayor Steve Sexton and the City Council of the City

of Burlington." (Second Amended Complaint (SAC) ¶ 67.) Chakravarty alleges that Sexton "willfully disregarded" his complaints of "racial discrimination" related to the treatment he received from Eric Peterson, Burlington's Facilities Maintenance Supervisor. (SAC ¶ 69.) He also alleges that Sexton interfered with Chakravarty's ability to participate in a bid from Burlington for cleaning supplies by failing to inform Chakravarty of the bid "despite earlier assurances to . . . Chakravarty by . . . Sexton that he would." (SAC ¶ 70.) And Chakravarty alleges Sexton acquiesced to the racial discrimination he suffered from Peterson, "by simply ignoring it and/or refusing to investigate and/or refusing to rescind the bid." (SAC ¶ 72.) According to Chakravarty, Sexton's failure to investigate the alleged racial discrimination amounts to deliberate indifference. (SAC ¶ 73.)

Sexton acknowledges that Chakravarty made allegations of racial discrimination and that he "took Mr. Chakravarty's allegations very seriously." (Declaration of Steve Sexton ¶ 5 (Dkt. No. 49).) Sexton met with Chakravarty, Chakravarty' wife Nupur Kohli, the City Administrator and the Mayor Pro Tem. (Id.) Sexton avers that he told Chakravarty both that he took his allegations seriously and that he believed Peterson's failure to respond was because he simply busy, and not because he was discriminating against Chakravarty. (Id.) Sexton also let Chakravarty know that a new public bid for janitorial supplies was soon to be announced, and that he could bid on it. (Id. ¶ 6.) Sexton denies stating that he would directly contact Chakravarty when the bid was open because doing so would violate the City Code. (Id.) The bid request for janitorial supplies was made public through a notice in the Skagit Valley Herald. (Id. ¶ 7.)

Shortly after the new bid went out, Peterson's job was eliminated. (See Declaration of Eric Peterson ¶ 16 (Dkt. No. 28).) Chakravarty states that he believed Sexton "impl[ied] to [him] in a private conversation that [Peterson] was being let go due to his conduct" including the racial

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - 2

discrimination Chakravarty alleged. (Declaration of Sanjay Chakravarty ¶¶ 23-25 (Dkt. No. 47-1).) Sexton denies this, stating that "[a]t no point did [I] tell Mr. Chakravarty the reason that Mr. Peterson was no longer employed with the City" and that "[e]mployment status and termination of City employees is not something I discuss with the public or even staff that is not directly involved in those decisions." (Sexton Decl. ¶ 8.) Sexton's statement appears consistent with Chakravarty's own declaration in which Chakravarty states that Sexton only told him that "Peterson was gone" without saying anything more specific. (Chakravarty Decl. ¶ 25.)

## ANALYSIS

### A.    Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

1  **B.    Chakravarty's Section 1983 Claim**

2  Under the Supreme Court's decision in Monell v. Dep't of Soc. Servs., "a local
3  government may not be sued under § 1983 for an injury inflicted solely by its employees or
4  agents." 436 U.S. 658, 694 (1978). Rather, a local government can only be sued "when execution
5  of a government's policy or custom, whether made by its lawmakers or by those whose edicts or
6  acts may fairly be said to represent official policy, inflicts the injury." Id. The plaintiff must
7  therefore "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of
8  Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (citation and quotation omitted). "A policy
9  is a deliberate choice to follow a course of action . . . made from among various alternatives by
10 the official or officials responsible for establishing final policy with respect to the subject matter
11 in question." Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam) (quotation and
12 citation omitted). A policy can apply to both action and inaction. See Brown v. Lynch, 831 F.3d
13 1146, 1152 (9th Cir. 2016). And as to customs, the Supreme Court has stated that "an act
14 performed pursuant to a 'custom' that has not been formally approved by an appropriate
15 decisionmaker may fairly subject a municipality to liability on the theory that the relevant
16 practice is so widespread as to have the force of law." Brown, 520 U.S. at 403. The Ninth Circuit
17 has also recognized, "a custom or practice can be inferred from widespread practices or evidence
18 of repeated constitutional violations for which the errant municipal officers were not discharged
19 or reprimanded." Hunter v. Cty. of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011) (citation
20 and quotation omitted).

21 Chakravarty also suggests that he is bringing a claim for deliberate indifference against
22 the City of Burlington. To state a claim for deliberate indifference, Chakravarty must make: "(1)
23 a showing of an objectively substantial risk of harm; and (2) a showing that the officials were

24

subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and (a) the official actually drew that inference or (b) that a reasonable official would have been compelled to draw that inference." Brown v. Lynch, 831 F.3d 1146, 1150 (9th Cir. 2016) (citation and quotation omitted).

Chakravarty has failed to identify any facts to support his claim. Critically, Chakravarty offers no evidence of a widespread policy or custom that was the moving force of his claimed constitutional injury. Chakravarty claims that Sexton did not thoroughly investigate his allegations that Peterson was engaged in discrimination in the bidding process. But he identifies no custom or policy related to this assertion, even if the Court assumes as true that Sexton conducted no investigation. Nor has Chakravarty identified any way in which Sexton interfered with his ability to participate in the bid for janitorial supplies. Even if Chakravarty is correct that Sexton promised to call him when the bid was put out, Sexton has provided uncontroverted evidence that the bid was made public through newspaper publication available to Chakravarty. And, finally, Chakravarty offers no evidence or argument to support his theory that Sexton was deliberately indifferent.

## CONCLUSION

Burlington has put Chakravarty's allegations of municipal liability to the test. Chakravarty has failed to meet the challenge. He fails to identify any facts in dispute that could support a claim that any municipal policy or custom was the driving force for his alleged constitutional violations. The Court therefore GRANTS Burlington's Motion and DENIES Chakravarty's Motion. This Order therefore terminates this matter and judgment shall be separately entered.

\\

1      The clerk is ordered to provide copies of this order to all counsel.

2      Dated October 8, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge